United States District Court
Southern District of Texas

**ENTERED**

May 26, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HUMBERTO  LICEA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-459 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is a state prisoner currently incarcerated at the William P. Clements Unit in Amarillo, TX.  Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2001 Nueces County conviction for sexual assault of a child.  (D.E. 1).  Pending is Respondent's Motion for Summary Judgment.  (D.E. 37).  Petitioner did not file a response.  For the reasons stated herein, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and this action be summarily **DISMISSED with prejudice** as time barred.  (D.E. 37).  It is further recommended that a Certificate of Appealability be **DENIED**.

## I.      JURISDICTION

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.  A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).  Petitioner was convicted by a court located in Nueces County, Texas. (D.E. 1).  Therefore, this matter is properly before this Court. 28 U.S.C. § 124(b)(6).

1 / 8

## II.     BACKGROUND

Petitioner was convicted, after a jury trial, of aggravated sexual assault of a child in Nueces County, Texas on December 13, 2001 and sentenced to 45 years in prison.  (D.E. 34-12, Pages 62-65).  On direct appeal, Petitioner's sentence was affirmed on October 28, 2004.  (D.E. 34-3 and D.E. 34-5).  Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals.  (D.E. 1, Page 3 and D.E. 36-1).  On or about April 1, 2005, Petitioner filed a Chapter 64 Motion for Forensic DNA Testing which was denied by the trial court on September 7, 2005.  (D.E. 35-4, Page 87; D.E. 36-3, Page 1 and D.E. 37, Page 5)

On September 28, 2005, Petitioner filed his first state habeas petition (WR-78,259-02) challenging his conviction which was denied by the Texas Court of Criminal Appeals without written order on December 2, 2012.[1]  (D.E. 35-6, Pages 2 and 7-15).  Petitioner filed a second state habeas petition (WR-78, 259-03) challenging his conviction on July 2, 2012, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without  hearing on December 19, 2012.  (D.E. 35-6, Pages 20-31; and D.E. 35-10, Page 2).  Petitioner filed a third state habeas petition (WR-78-259-04) on March 3, 2014 which was dismissed as a subsequent application on April 30, 2014.  (D.E. 35-11 and D.E. 35-12, Pages 6-16).  Petitioner filed the pending federal habeas petition on or about November 12, 2014.  (D.E. 1).

---

[1]This application was filed in 2005 but was never delivered to the State for an answer or the Court of Criminal Appeals for disposition.  As a result, this habeas petition was considered in 2012.  (D.E. 35-6, Page 58).

## III.   DISCUSSION

Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one year statute of limitations period runs from the latest of four alternative dates:

(A)   the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

This period is tolled during the time a petitioner seeks timely filed state post-conviction writ review.  28 U.S.C. § 2244(d)(2).  Here, Petitioner's cause of action accrued, and he filed his current federal application for writ of habeas corpus, after the effective date of AEDPA which was April 24, 1996, and therefore Petitioner is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner's sentence was affirmed on October 28, 2004 and his conviction became final on November 29, 2004,[2] when the time for filing a petitioner for discretionary review with the Texas Court of Criminal Appeals expired.  28 U.S.C. § 2244; Tex. R. App. Proc. 68.2.  Therefore, the federal limitations period expired on November 29, 2005.  However,

---

[2]November 27, 2004 was a Saturday.

his Chapter 64 Motion for Forensic DNA Testing and his first two habeas petitions tolled the limitations period, extending it to on or about July 30, 2013. Petitioner's third state habeas petition filed on March 3, 2014, was filed after limitations had already expired and therefore, did not operate to toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner did not file his federal petition until November 12, 2014, approximately 15 months too late.

The one year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010)(citations omitted); *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013)(*citing Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)(citations omitted)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id*. *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013)(*citing Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002)(It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.")(citation omitted). Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, or even lack of representation during

the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999)(citation omitted).

The pleadings do not suggest Petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.  Given the law as discussed above, Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim.    Further, Petitioner did not diligently pursue his rights, delaying more than a year past the deadline to pursue his federal habeas remedy, including waiting over a year between the denial of his second state habeas petition to file his third and then waiting over six months after the denial of his third to file the pending federal petition.   Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Additionally, Plaintiff's claim is based upon evidence that was available to him at the time of sentencing or shortly thereafter.

It appears Petitioner asserts his actual innocence presents extraordinary circumstances warranting equitable tolling.  However, as stated above, Petitioner does not give a sufficient reason for the delay in seeking state and federal relief and such a delay precludes equitable tolling.  *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Furthermore, the Supreme Court in *McQuiggin v. Perkins*, found that a claim of actual innocence could warrant tolling but that a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S. Ct. 1924, 1928 (2013)(*citing  Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  Petitioner points

to no new, reliable evidence to show he is actually innocent of the crime for which he was convicted.  His assertion alone does not present extraordinary circumstances which warrant equitable tolling.

## IV.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just rule on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## V.    RECOMMENDATION

Without a basis for equitable or statutory tolling, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 37) and Petitioner's action be dismissed as untimely. It is further recommended that a Certificate of Appealability be **DENIED**.

Respectfully submitted this 26th day of May, 2016.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).