United States District Court
Southern District of Texas
**ENTERED**
August 10, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| HUMBERTO LICEA, § | |
| § | |
| Petitioner, § | |
| v.  § | CIVIL NO. 2:14-CV-459 |
| § | |
| LORIE DAVIS,* Director, Texas § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND ORDER

Petitioner Humberto Licea ("Licea"), a prisoner in the custody of the Texas Department of Criminal Justice, Criminal Institutions Division, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. No. 1. The Court has before it Respondent's motion for summary judgment, Dkt. No. 37; the Memorandum and Recommendation ("M&R") of the magistrate judge to whom this case was referred, Dkt. No. 42; and Licea's pro se objections to the M&R, Dkt. No. 45. The M&R recommends that the Court dismiss Licea's application as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d). Finding that Licea has not made the showing necessary to avoid the time bar based on a claim of actual innocence, the Court overrules Licea's objections and adopts the proposed findings and conclusions set forth in the M&R.

### I.   Standard of Review

The Court reviews the objected-to portions of the magistrate judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1) (2012) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."); Fed. R. Civ.

---

* Under Federal Rule of Civil Procedure 25(d)(2), Lorie Davis was automatically substituted as the respondent in this proceeding when she became the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

P. 72(b)(3). When an objection is properly raised, "the Court will examine the entire record, and will make an independent assessment of the law." *Bilotto v. Allied Prop. & Cas. Ins. Co.*, 79 F. Supp. 3d 660, 663 (W.D. Tex. 2015); *Gallegos v. Equity Title Co. of Am., Inc.*, 484 F. Supp. 2d 589, 591 (W.D. Tex. 2007). Nevertheless, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)); *Bilotto*, 79 F. Supp. 3d at 663 (quotation omitted); *Gallegos*, 484 F. Supp. 2d at 591 (quotation omitted).

## II. Analysis

A one-year statute of limitations applies to § 2254 petitions. *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007) (citing 28 U.S.C. § 2244(d)). Licea does not object to the M&R's recommendation that this Court find his § 2254 application was not timely filed under § 2244(d)(1). M&R 3–4. Instead, as he did in his response, Licea contends in his objections that this case should not be dismissed as time-barred under the actual-innocence doctrine. Dkt. No. 45 at 1.

Licea cites *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), which "hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . . or . . . expiration of the statute of limitations." The next sentence of the Perkins opinion "caution[s], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The Perkins court determined that the habeas petitioner before it did not qualify for equitable tolling because he failed to demonstrate that he acted with the requisite diligence. *Perkins*, 133 S. Ct. at 1931 ("As the courts below comprehended, Perkins does not qualify for equitable tolling."). It nonetheless recognized "an equitable exception to § 2244(d)(1), not an extension of the time statutorily

prescribed," i.e., not equitable tolling. *Id.* (citation omitted); *see id.* at 1933 ("Section 2244(d)(1)(D) is both modestly more stringent (because it requires diligence) and dramatically less stringent (because it requires no showing of innocence)."). The M&R can be read as treating the actual-innocence and equitable-tolling analyses as conterminous. *See* Dkt. No. 42 at 5 ("It appears Petitioner asserts his actual innocence presents extraordinary circumstances warranting equitable tolling."). In light of *Perkins*, the Court declines to adopt the M&R to the extent it can be so read.

Nevertheless, Licea fails to cite any summary-judgment evidence in his response or objections showing that he satisfies the demanding actual-innocence standard set forth in *Perkins*. At the summary-judgment stage, Licea must show, not just assert in conclusory fashion, that he satisfies the actual-innocence test. *See Perkins*, 133 S. Ct. at 1929–30 (discussing three affidavits submitted by habeas petitioner); *see also Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000) (holding, under equitable-tolling analysis, that prisoner's assertion of innocence did "not make a showing of actual innocence"). In his objections, Licea asserts that he SATISFIES the *Schlup* test of actual innocence by repeating that test word-for-word. *Compare* Dkt. No. 45 at 1, *with Perkins*, 133 S. Ct. at 1928 (quotation omitted). He does not further specify what newly discovered evidence supports his claim of actual innocence. *See* Dkt. No. 45 at 1–3. Nor does he make any representations in his objections, *see id.*, about the nature of the allegedly newly discovered evidence. Accordingly, he has failed to show that he satisfies the test of actual innocence applied in *Perkins*, 133 S. Ct. at 1928. *See Felder*, 204 F.3d at 174 & n.8.

### III. Conclusion

For the foregoing reasons, the Court overrules Licea's objections, Dkt. No. 45, and adopts the M&R except as stated herein. The Court **GRANTS** Respondent's motion for summary judgment, Dkt. No. 37, and **DISMISSES** Licea's § 2254 petition as time-barred. Further, for the reasons stated in the M&R and this order, the Court denies Licea a certificate of appealability. The Clerk shall close this case after entering the accompanying judgment.

It is so **ORDERED**.

SIGNED this 10th day of August, 2016.

Hilda G. Tagle
Senior United States District Judge